## 33930.   PETERSON *v.* THE STATE.

Decided March 10, 1952.

*Fred T. Lanier, Robert S. Lanier,* for plaintiff in error.

*Walton Usher, Solicitor-General,* contra.

GARDNER, P. J. 1. The court did not err in overruling the special demurrer of the defendant to the indictment. This indictment was not too vague and uncertain in the language used and in the description of the offense charged, so as to render it subject to special demurrer. The indictment was sufficiently clear to put the defendant on notice as to the offense charged and to enable him to defend against such charge. The indictment sets out the property taken as being 515 pounds of lint cotton, which had been levied on by the sheriff under a described distress-warrant proceeding, and which had been left with Albert Peterson as the defendant in the civil proceedings from which the sheriff derived his authority to make the levy on this cotton, and sufficiently described the legal proceedings. The court did not err in overruling this demurrer.

2. The evidence authorized the verdict that the defendant was guilty of simple larceny as charged. It appeared that the defendant rented 30 acres of land from Mrs. E. A. Smith for $200 a year; that he was a farmer and farmed this land; that he rented this land from Mrs. Smith in 1949 and was due her a balance of $120 on the land for that year; that he rented the land for 1950 for $200 and only paid $50 during 1950 on the money due Mrs. Smith for rent; that he was due Mrs. Smith $270 for rent when she sued out the distress warrant, which was levied by the Sheriff of Bulloch County on certain crops including around two bales of cotton, which had not been gathered, grown by defendant on the lands rented from Mrs. Smith; that the sheriff after levying on the crops, turned same over to the keeping of the defendant, and the defendant was to notify the sheriff when the cotton was picked; and that the defendant without the sheriff's knowledge sold 517 pounds of lint cotton from the seed cotton and retained the proceeds. It appears from the defendant's statement that at the time the defendant so sold the cotton, his child was very

ill and he needed money for hospital expenses and medical treatment. It follows that the evidence supported the verdict that the defendant was guilty of the larceny of the cotton as charged.

3. Special ground 1 is but an amplification of the general grounds. It is contended in the third special ground that a new trial should be granted because the evidence fails to show that the sheriff made any valid levy on this cotton. This ground, which is but an amplification of the general grounds, shows no error. The evidence shows the suing out of a distress warrant against the defendant and the levy thereof by the sheriff on certain crops grown by the defendant on the lands rented from Mrs. E. A. Smith. The sheriff permitted the defendant to retain possession of the property until gathered. No defense was interposed to the distress proceedings. The defendant disposed of this cotton after having been entrusted therewith by the sheriff. There is no merit in this contention.

4. The court did not err, as contended by the defendant, in special ground 4 in failing to charge the provisions of Code § 38-109 that " to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

The defendant's guilt did not depend entirely on circumstantial evidence for the reason that "there was no denial" on his part "that he sold certain cotton but he contended that the reason he sold it was to get money to pay for hospital expenses and doctor's bills for the treatment of his child that had double pneumonia and he contended that he did not sell any cotton with any intention to steal the same." The defendant contends that because of the foregoing, the law of circumstantial evidence was involved and that the court, even without a request therefor, erred in failing to charge the jury the provisions of the above Code section. Even though the defendant's child was perilously ill and money was needed to pay for her treatment and hospitalization, this would not make legal nor justify in the eyes of the law the defendant's selling and disposing of property which did not belong to him. Such fact does not demand a charge to the jury of the provisions of Code § 38-109 on circumstantial evidence.

It follows that the trial judge did not err in overruling the defendant's motion for a new trial, as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*